UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD JOHNSON,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>MARION SPEARMAN, Warden,<br><br>　　　　　　Respondent. | Case No.: 19cv1673-LAB(KSC)<br><br>**ORDER RE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL [Doc. No. 3.]** |

Petitioner David Leonard Johnson, a state prisoner proceeding *pro* se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court is a one-sentence request by petitioner that was filed along with his Petition stating he is an "indigent inmate and is requesting appointment of counsel." [Doc. No. 3.]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in habeas cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

/ / /

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

Based on the information before the Court, there is currently no basis to support a finding of exceptional circumstances. First, the record is not developed enough for the Court to determine the likelihood of success on the merits.

Second, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by plaintiff's incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Third, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. The allegations in the Petition are clearly stated. [Doc. No. 1, at pp. 1-63.] Several exhibits are attached to the Petition to assist the Court in evaluating plaintiff's claims. [Doc. No. 1, at pp. 18-64.] Thus far, plaintiff has shown an ability to effectively articulate his claims and communicate with the Court in this action.

Fourth, the allegations in the Petition are not novel or complex. Plaintiff alleges insufficiency of the evidence and instructional error. [Doc. No. 1, at pp. 1-64.]

Finally, pro se litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

| | |
|---|---|
| 1 | Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Request for Appointment of Counsel is DENIED. [Doc. No. 3.] |
| 2 | |
| 3 | IT IS SO ORDERED. |
| 4 | Dated: November 1, 2019 |

Hon. Karen S. Crawford
United States Magistrate Judge