UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD JOHNSON,<br><br>                           Petitioner,<br><br>v.<br><br>MARION SPEARMAN, Warden,<br><br>                           Respondent. | Case No.: 19cv1673-LAB(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE RESPONDENT'S MOTION TO DISMISS [Doc. No. 11] AND PETITIONER'S MOTION FOR STAY AND ABEYANCE [Doc. No. 14]** |

Petitioner David Leonard Johnson, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, challenging his conviction and sentence in San Diego Superior Court Case No. SCD237392. [Doc. No. 1.]

Before the Court is respondent's Motion to Dismiss. [Doc. No. 11.] In the Motion to Dismiss, respondent argues that the District Court should abstain from reviewing the merits of the Petition and dismiss it pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401, U.S. 37 (1971), because state court proceedings in San Diego Superior Court Case No. SCD237392 are ongoing. [Doc. No. 11-1, at pp. 3-6.]

Petitioner did not file an opposition to respondent's Motion to Dismiss. However, petitioner did file a one-page Motion Requesting Stay and Abeyance. [Doc. No. 14.] Citing *Rhines v. Webber*, 544 U.S 269 (2005), petitioner requests that the Court issue a

1

stay and abeyance order "until the pending Petition for Writ of Habeas Corpus [filed] in San Diego Superior Court for relief under Senate Bill 1393 (HC23651) has been decided." [Doc No. 14.]

For the reasons outlined more fully below, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss. [Doc. No. 11.] IT IS FURTHER RECOMMENDED that the District Court DENY petitioner's request for stay and abeyance. [Doc. No. 14.]

## *Background*

### A.  *The Federal Petition.*

The Federal Petition includes two claims: (1) Based on the statutory elements test, the trial court prejudicially erred because it failed to instruct the jury on receiving stolen property as a lesser included offense to robbery [Doc. No. 1, at p. 18]; and (2) there was insufficient evidence to establish that petitioner's two prior assault convictions qualified as strikes and serious felony priors under California law [Doc. No. 1, at p. 35].

### B.  *Underlying Criminal Conviction.*

Petitioner was convicted by a jury of the following offenses: (1) first degree robbery; (2) first degree burglary; (3) assault with a deadly weapon by means likely to produce great bodily injury; and (4) felony false imprisonment. [Doc. No. 12-11, at p. 2.] As to all counts, the jury concluded petitioner personally used a knife while committing these offenses. Through counsel, petitioner stipulated he was on bail at the time these offenses were committed. The trial court also found true allegations petitioner had two prior strike convictions, two prior serious felony convictions, and had previously served four prison terms. The trial court sentenced petitioner to 17 years plus 25 years to life in state prison. [Doc. No. 12-11, at pp. 2-3.]

### C.  *Direct Appeals.*

Petitioner raised claims in his direct appeal to the California Court of Appeal that are essentially the same as those he presented in his Federal Petition. [Doc. No. 12-8, at pp. 2-3.] The California Court of Appeal remanded the case to the trial court to clarify

2

19cv1673-LAB(KSC)

whether petitioner's prior conviction for possession of a controlled substance qualified as a prior prison term for sentencing purposes and to correct sentencing errors made on the abstract of judgment. [Doc. No. 12-11, at pp. 27-28.] The California Court of Appeal's decision affirmed the judgment in all other respects. [Doc. No. 12-11, at p. 29.]

Petitioner then raised the same claims included in his Federal Petition in a Petition for Review before the California Supreme Court. [Doc. No. 12-12, at p. 3.] The Petition for Review was denied on August 29, 2018. [Doc. No. 12-13, at p. 1.] Petitioner also filed a petition for writ of certiorari in the United States Supreme Court, but it was denied on February 19, 2019. [Doc. No. 12-14, at pp. 1-2.]

### D. *State Habeas Petitions.*

#### 1. *First State Habeas Petition.*

On January 8, 2019, petitioner returned to the San Diego Superior Court by filing a habeas petition raising two issues. First, citing Senate Bill No. 1393, petitioner requested that the trial judge modify his sentence by striking or dismissing prior serious felony enhancements. [Doc. No. 12-15, at p. 3.] "S.B. 1393 amends sections 667(a) and 1385, subdivision (b) (hereafter § 1385(b)), effective January 1, 2019, to give courts discretion to dismiss or strike a prior serious felony conviction for sentencing purposes." *People v. Garcia*, 28 Cal. App. 5th 961, 965 (2019). "Senate Bill No. 1393 is retroactive to cases not final on appeal as of the effective date of Senate Bill No. 1393." *People v. Gonzalez*, 39 Cal. App. 5th 115, 123 (2019).

Second, citing Proposition 57, petitioner argued he qualified for an immediate parole hearing, because he had completed the principal term for his violation of Penal Code Section 245(a)(1). [Doc. No. 12-15, at p. 4.] Under Proposition 57, "all nonviolent state prisoners are eligible for parole consideration, and they are eligible when they complete the full term for their primary offense." *In re Edwards*, 26 Cal. App. 5th 1181, 1186 (2018).

In a written Order filed on February 7, 2019, the San Diego Superior Court concluded petitioner was not eligible for reconsideration of his sentence under Senate Bill

1393, because he did not provide proof he was entitled to retroactive application of the new law based on the January 1, 2019 effective date. [Doc. No. 12-16, at pp. 5-6.] In the same written opinion, the San Diego Superior Court denied petitioner's Proposition 57 claim, because he did not provide proof he exhausted his administrative remedies with the California Department of Corrections and Rehabilitation ("CDCR"). [Doc. No. 12-16, at pp. 7-8.]

### 2. *Second State Habeas Petition.*

On April 29, 2019, petitioner filed a second habeas petition in the San Diego Superior Court arguing he was qualified for reconsideration of his sentence under Senate Bill 1393, because his sentence was not final as of the January 1, 2019 effective date. In support of this contention, petitioner represented that he timely filed a writ of certiorari in the United States Supreme Court, so his sentence was not final as of January 1, 2019. [Doc. No. 12-17, at pp. 3-4.] On July 25, 2019, the People filed a response agreeing petitioner qualified for re consideration of his sentence under Senate Bill 1393. [Doc. No. 12-19, at p. 5.]

On September 16, 2019, the San Diego Superior Court issued an Order granting petitioner's request for reconsideration of his sentence "to the extent permitted under Senate Bill 1393," and set a state hearing for October 7, 2019. [Doc. No. 12-22, at p. 8.] However, at the time respondent's Motion to Dismiss was filed, the San Diego Superior Court had not yet ruled on this petition. Although a re-sentencing hearing was set for December 12, 2019, it was later continued to February 4, 2020. [Doc. No. 12-24, at p. 1; Doc. No. 12-25.] ***In sum, this Petition was still pending in the state court system when the instant Motion to Dismiss was filed by respondent.***

### *Discussion*

### I. *Motion to Dismiss Standards.*

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir.

2008) (citing Fed.R.Civ.P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.  *The Abstention Doctrine.*

Respondent contends the Petition in this case should be dismissed under the abstention doctrine set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. at 37, because the Federal Petition was filed while petitioner was waiting for the San Diego Superior Court to reconsider his sentence based on a recent change to California sentencing law. As noted above, the San Diego Superior Court granted petitioner's second state habeas petition and scheduled a re-sentencing hearing so that petitioner's sentence could be reconsidered "to the extent permitted under Senate Bill 1392." [Doc. No. 12-22, at p. 8.] According to respondent, *Younger* applies because petitioner will be able to appeal after his sentence is reconsidered by the San Diego Superior Court, so his conviction is not yet final.[1] [Doc. No. 11-1, at p. 3.] At the time respondent's Motion to Dismiss was filed, petitioner's re-sentencing hearing had been continued from December 12, 2019 to February 4, 2020. [Doc. No. 11-1, at p. 3.]

"*Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings. [Citation omitted.] Specifically, *Younger* abstention is appropriate when: (1) there is an 'ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is an 'adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seeks to

---

[1]  *See, e.g.*, Cal. Penal Code § 1237(b) (stating that "[a]n appeal may be taken . . . (b) From any order after judgment affecting the substantial rights of the party"); *People v. Jordan*, 21 Cal. App. 5th 1136, 1140 (2018) (indicating "[t]he denial of a motion to correct sentence is an appealable order because it is a post-judgment order affecting a defendant's substantial rights").

enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding. [Citation omitted.]" *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). "'[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Carden v. State of Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980), quoting *Drury v. Cox*, 457 F.2d 764, 764-765 (9th Cir. 1972).

An exception to abstention applies if the petitioner can show that ongoing state proceedings involve "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate. [Citation omitted.]" *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). In addition, the Supreme Court in *Younger v. Harris*, 401 U.S. at 37, said there would be "extraordinary circumstances . . . where the danger of irreparable loss is both great and immediate." *Id.* at 45. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the [petitioner's] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46.

As respondent contends, the facts and circumstances of this case indicate *Younger* abstention is appropriate. First, a state judicial proceeding remains in process, because the San Diego Superior Court granted petitioner's request to have his sentence reconsidered based on newly enacted legislation. Once the sentence is reconsidered by the trial court, petitioner can pursue a direct appeal of the trial court's decision, and it is reasonable to assume he will do so. As noted above, the record indicates petitioner has been persistent in his efforts to challenge his conviction and sentence. He appealed the prior judgment and sentence at all levels in the state court system and then filed a petition for review in the United States Supreme Court. In addition, he has filed a Federal Petition and several habeas petitions in state court.

Second, important state interests are implicated. *See, e.g., Hill v. McDonough*, 547 U.S. 573, 584 (2006) ("Both the State and the victims of crime have an important interest in the timely enforcement of a sentence"); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13, (1987) (declaring that states have important interests in administering their judicial systems and in enforcing their criminal laws); *Younger v. Harris*, 401 U.S. at 51-52 (indicating a state has an interest in "carrying out the important and necessary task of enforcing . . . laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and Constitution"); *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (concluding that "the state has an important interest in passing upon and correcting violations of a defendant's rights").

Third, there are no allegations in the Petition to even suggest petitioner does not have an adequate opportunity to raise constitutional issues in the state judicial system. *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (to determine whether state proceedings meet the third *Younger* criterion, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary").

Fourth, the relief requested in the Federal Petition, if granted, would have the practical effect of enjoining the state court proceedings. For example, the Federal Petition challenges the sufficiency of the evidence presented by the prosecution and considered by the trial court to establish that two of petitioner's prior convictions qualify as strikes and serious felonies for sentencing purposes. The trial court sentenced petitioner under the Three Strikes Laws based on the existence of these prior convictions. Therefore, if Federal habeas relief is granted in petitioner's favor on this issue, it would essentially enjoin or interfere with the state court proceedings by invalidating the sentence petitioner is still challenging in the state court system.

In sum, based on the information presented to the Court, all requirements for abstention under *Younger v. Harris*, 401 U.S. at 37, have been satisfied in this case. There is also nothing in the record to indicate an exception to *Younger v. Harris* applies

based on exceptional circumstances that would justify intervention into the pending state court proceedings. It is therefore RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss the Petition without prejudice to petitioner re-filing his petition after a final judgment has been entered in the state court proceedings and after petitioner has satisfied the exhaustion requirement in 28 U.S.C. § 2254(b)(1)(A) as to any other claims he wishes to include in his new petition.

### III. *Petitioner's Request for Stay and Abeyance.*

Petitioner's only response to respondent's Motion to Dismiss is a one-page, unsupported request for stay and abeyance of his Federal Petition under *Rhines v. Webber*, 544 U.S. at 269. Petitioner has not explained why he seeks a stay and abeyance of his Federal Petition. [Doc. No. 14.] However, it appears petitioner may be seeking stay and abeyance of his Federal Petition, so he can exhaust all his state court remedies as to all claims in the state court system and avoid being barred by the one-year statute of limitations. Respondent has not filed a response to petitioner's request.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner who seeks to challenge a state court conviction must generally file a Federal habeas petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Prior to the enactment of AEDPA, the Supreme Court in *Rose v. Lundy*, 455 U.S. 509 (1982), imposed a "total exhaustion" rule. The "total exhaustion" rule requires District Courts to dismiss "mixed petitions" that include exhausted and unexhausted

///

8

claims without prejudice and allow petitioners to return to state court to exhaust all claims before returning to Federal Court. *Id.* at 518-522.

The petition at issue in *Rhines v. Webber* was "mixed" and was therefore subject to dismissal under the "total exhaustion" rule in *Rose v. Lundy*. *Rhines*, 544. U.S. at 271-273. However, by the time the District Court determined that some of the petitioner's claims were not exhausted, AEDPA's one-year statute of limitations had expired. Therefore, the petitioner would have been barred from exhausting his unexhausted claims and then returning to Federal Court when exhaustion was completed. *Id.* at 273-274. Under these circumstances, the Supreme Court held that "stay and abeyance should be available [but] only in limited circumstances." *Id.* at 277.

"[I]f employed too frequently," the Supreme Court in *Rhines v. Webber* stated that a stay would undermine "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines,* 544 U.S. at 277. "Because a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id.* Summarizing its holding, the Supreme Court in *Rhines v. Webber* stated as follows: "[I]t likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, the facts at issue are distinguishable from those in *Rhines v. Webber* for at least three reasons. First, petitioner did not file a "mixed" petition. The two claims he included in his Federal Petition have already been exhausted, because they were raised on direct appeal to the California Court of Appeal and the California Supreme Court. [Doc. Nos. 12-8, at pp. 2-8; 12-11, at pp. 27-29; 12-12, at pp. 3; 12-13, at p. 1.] Second, it is apparent the petitioner in *Rhines v. Webber* did not file his Federal petition prior to a final judgment and while the state court proceedings were still ongoing. Rather, the petitioner

9

19cv1673-LAB(KSC)

in *Rhines v. Webber* was collaterally pursuing additional, post-judgment claims in the state court system that were not raised during his direct appeal, so the abstention doctrine would not have applied. Third, unlike the circumstances at issue in *Rhines v. Webber*, there is nothing to indicate the one-year statute of limitations in Section 2244(d)(1) has expired or has even started to run against petitioner. Once again, a Federal habeas petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record here indicates the judgment against petitioner in state court is not yet final, because he filed a post-judgment habeas petition in the trial court seeking reconsideration of his sentence; his request was granted; his case was set for a re-sentencing hearing; and the trial court's ruling is subject to appeal. Therefore, it is this Court's view that the stay and abeyance procedure set forth by the Supreme Court in *Rhines v. Webber* is not applicable under the circumstances presented in this case.

Even if stay and abeyance were to be extended to include the circumstances at issue in this case, petitioner would not be entitled to stay and abeyance while he continues to pursue his request for re-sentencing in the state court system. Petitioner has not presented anything to indicate there is good cause for his failure to first exhaust all his claims in the state court system before filing his Federal Petition. Accordingly, IT IS RECOMMENDED that the District Court DENY petitioner's request for stay and abeyance under *Rhines v. Webber*, 544 U.S. at 269.

## *Conclusion*

Based on the foregoing, IT IS HEREBY RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss based on the abstention doctrine in *Younger v. Harris*, 401 U.S. at 37. IT IS ALSO RECOMMENDED that the dismissal be without prejudice so that petitioner may re-file his petition after a final judgment has been entered in the state court proceedings; after petitioner has satisfied the exhaustion requirement in 28 U.S.C. Section 2254(b)(1)(A) as to any other claims he wishes to include in his new

///

petition; ***and*** prior to the expiration of the one-year statute of limitations in 28 U.S.C. Section 2244(d)(1)(A).

IT IS FURTHER RECOMMENDED that the District Court DENY petitioner's request for stay and abeyance under *Rhines v. Webber*, 544 U.S. at 269, because this stay and abeyance procedure does not apply under the circumstances of this case, and even if it were to be extended to include the circumstances of this case, petitioner has not established good cause.

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED that no later than ***May 8, 2020*** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation.

IT IS FURTHER ORDERED that any reply to objections shall be filed and served no later than ***May 22, 2020***.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 7, 2020

Hon. Karen S. Crawford
United States Magistrate Judge