UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON,<br><br>                Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>                Respondent. | Case No.: 19cv1673-LAB(KSC)<br><br>**REPORT AND RECOMMENDATION RE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 29.]** |

    Petitioner David Johnson, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus [Doc. No. 1] and a First Amended Petition [Doc. No. 29], challenging his sentence in San Diego Superior Court Case No. SCD 237392. [Doc. Nos. 1, 29.] The First Amended Petition raises one claim—whether there was sufficient evidence to establish that petitioner's two prior convictions for assault with a deadly weapon qualify as serious violent felonies and strikes under California's Three Strikes Law. [Doc. No. 29. at pp. 14-27.] Respondent has filed an Answer and Response to the First Amended Petition. [Doc. No. 35.]

    This Court has carefully reviewed the First Amended Petition ("Petition") and its supporting documents and Respondent's Answer and its supporting documents. For the reasons outlined below, IT IS HEREBY RECOMMENDED that the District Court DENY the Petition.

# PROCEDURAL HISTORY

After a retrial, Petitioner was convicted by a jury in case No. SCD 2737392 of the following offenses: (1) first degree robbery with personal use of a knife; (2) first degree burglary with personal use of a knife; (3) assault with a deadly weapon by means likely to produce great bodily injury and with personal use of a knife; and (4) felony false imprisonment with personal use of a knife. [Doc. No. 12-11, at p. 2; Doc. No. 12-2, at pp. 152-155.] Petitioner waived his right to a jury trial on prior conviction allegations. At a bench trial, the trial court found petitioner had two prior convictions that qualified as strikes and serious felonies and had served four prior prison terms. [Doc. No. 12-11, at p. 13; Doc. No. 12-6, at pp. 159-168; Doc. No. 29, at p. 14.] As a result, petitioner was sentenced to "a Three Strikes term" of 25 years to life plus 17 years in prison "consisting of a 25-year-to-life sentence on count 1, 10 years for the two serious felony prior convictions, four years for the prior prison terms, one year for the knife-use enhancement, and two years for the on-bail enhancement." [Doc. No. 12-11, at pp. 2, 13; Doc. No. 29, at p. 14.]

Petitioner appealed to the California Court of Appeal raising four arguments, including the argument there was insufficient evidence to establish that his prior convictions for assault with a deadly weapon qualified as strikes and serious violent felonies. [Doc. No. 12-8, at pp. 49-59.] In an unpublished opinion, the California Court of Appeal rejected petitioner's argument that the trial court's findings on the prior strikes and serious felonies were not supported by substantial evidence. [Doc. 12-11, at p. 13-25.] However, the California Court of Appeal reversed the true finding on petitioner's first prior prison conviction and remanded for the limited purpose of clarifying whether his 1995 conviction for possession of a controlled substance qualified as a prison prior under state law. [Doc. 12-11, at pp. 27, 29.] In all other respects, the judgment was affirmed. [Doc. 12-11, at p. 29.]

Petitioner then filed a petition for review in the California Supreme Court raising two arguments, including the argument there was insufficient evidence to establish that

1  his prior convictions for assault qualified as serious felony priors and strikes under
2  California's Three Strikes Law. [Doc. No. 12-12, at pp. 25-38.] The California Supreme
3  Court granted review but deferred consideration pending the disposition of *People v.*
4  *Gallardo*, 4 Cal.5th 120 (2017). However, the California Supreme Court ultimately
5  dismissed the petition on August 29, 2018. [*See* Doc. No. 12-13.]
6        Petitioner then filed a petition for writ of certiorari in the United States Supreme
7  Court. [Doc. No. 12-14, at p. 1.] This petition was denied on February 19, 2019. [Doc.
8  No. 12-14, at p. 2.]
9        On January 8, 2019, petitioner filed his first Petition for Writ of Habeas Corpus in
10 San Diego Superior Court. [Doc. No. 12-15.] Petitioner raised two arguments, one of
11 which requested a modification of his sentence. In this regard, petitioner cited California
12 Senate Bill No. 1393, and argued that the trial judge should modify his sentence by
13 striking or dismissing prior serious felony enhancements. [Doc. 12-15, at p. 3.] On this
14 issue, the San Diego Superior Court determined that Senate Bill No. 1393 was
15 inapplicable because petitioner's case was final before the bill went into effect. [Doc.
16 No. 12-16, at pp. 5-6.] The San Diego Superior Court denied the Petition. *Id.* at 8.
17       Subsequently, on April 29, 2019, Petitioner filed his second Petition for Writ of
18 Habeas Corpus (hereafter "Second State Petition") in San Diego Superior Court. [Doc.
19 No. 12-17.] This time petitioner argued that he qualified for a modification of his
20 sentence under Senate Bill No. 1393, because his case was not yet final when the bill
21 went into effect since there was no judgment on his Petition in the Supreme Court of the
22 United States. *Id.* at 4, 6. On September 16, 2019, the San Diego Superior Court granted
23 petitioner's request for reconsideration of his sentence "to the extent permitted under
24 Senate Bill 1392" and scheduled a hearing for October 7, 2019. [Doc. No. 12-22, at pp.
25 2, 8.]
26       On August 30, 2019, while petitioner was still awaiting a ruling on his Second
27 State Petition, he filed his first Federal Petition for Writ of Habeas Corpus in this Court.
28 [Doc. No. 1.] In his original Federal Petition, Petitioner raised only two claims. The first

claim involved an alleged instructional error by the trial court. [Doc. No. 1, at pp, 18-33.] The second claim in the original Federal Petition challenged the sufficiency of the evidence to establish that his prior convictions for assault qualified as strikes and serious felonies under California law. [Doc. No. 1, at pp. 35-48.] Respondent then moved to dismiss the original Federal Petition under the Doctrine of Abstention, arguing that petitioner's conviction was not yet final, because he was still waiting for the San Diego Superior Court to reconsider his sentence. [Doc. No. 11-1.] In an Order filed on June 8, 2020, the District Court agreed with respondent and dismissed the original Federal Petition without prejudice to petitioner refiling a new petition with exhausted claims after the judgment in state court was final and before the expiration of the one-year statute of limitations. [Doc. No. 21, at p. 2.]

On September 3, 2019, after he filed his original Federal Petition and while he was awaiting a hearing and final ruling on his Second State Petition, petitioner filed a third Petition for Writ of Habeas Corpus ("Third State Petition") in San Diego Superior Court. [Doc. No. 12-21.] Once again, petitioner argued in this Third State Petition that there was insufficient evidence to establish that his prior convictions for assault qualified as strikes and serious violent felonies under California law. [Doc. No. 12-21, at p. 3.] On September 26, 2019, the San Diego Superior Court denied this Third State Petition citing two reasons. [Doc. No. 12-23, at p. 11.] First, the same claim was rejected on direct appeal and there were no material changes or special circumstances that would permit petitioner to raise the claim again. [Doc. No. 23, at p. 10.] Second, even if petitioner could justify re-litigation of this claim, it would fail on the merits, because there was sufficient evidence to find that petitioner's prior convictions were strikes and serious felonies. [Doc. No. 23, at p. 11.]

On October 14, 2021, petitioner filed his First Amended Federal Petition. ]Doc. No. 29.] The First Amended Federal Petition includes only one claim: whether there was sufficient evidence to establish that petitioner's two prior convictions for assault with a deadly weapon qualify as strikes and serious violent felonies under California law. In

support of this contention, petitioner cites the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013). He argues that the trial court's determination on these two prior convictions is inconsistent with *Descamps*, because it involved "judicial fact-finding beyond the elements of the actual prior conviction[s]." [Doc. No. 29, at 14-27.] Respondent filed an Answer to the First Amended Federal Petition, along with a Memorandum of Points and Authorities arguing that the District Court should dismiss the Petition for failure to state a claim and for lack of merit. [Doc. No. 35-1.]

## *FACTUAL BACKGROUND*

Based on a summary of the facts set forth in the California Court of Appeal's unpublished decision of October 28, 2016, petitioner entered the hotel room of Lindsey Gardini with his friend, Samantha, during a September night in 2011. [Doc. No. 12-11, at 4]. While Samantha went through Gardini's belongings, petitioner held Gardini down, choked her, forced a knife down her throat, and threatened to inject her with a drug and leave her to die. *Id.* Gardini was able to briefly escape, but petitioner and Samantha caught her. *Id.* Petitioner and Samantha then hog tied Gardini and left her gagged under a blanket. *Id.* Gardini eventually freed herself and reported the incident to the manager. *Id.* at 5. Shortly after, the incident was reported to the police. *Id.* Four days into the investigation, the police found petitioner in a hotel room with Gardini's belongings. *Id.*

## *Discussion*

### I.   *Standard of Review*.

Federal habeas corpus relief is available only to those who are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "[A] mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (internal quotations omitted).

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citations and quotations omitted). Under Section 2254(d) of AEDPA, a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(l) &(2).

For purposes of Section 2254(d)(l), "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Therefore, a lack of controlling Supreme Court precedent can preclude habeas corpus relief. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (concluding that the state court's decision did not unreasonably apply clearly established Supreme Court law, because the relevant cases provided "no clear answer to the question presented").

The AEDPA standard is highly deferential and "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011). Federal habeas relief may be granted under the "contrary to" clause of Section 2254 if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court "on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). The focus of inquiry under the "contrary to" clause is "whether the state court's application of clearly established federal law is objectively unreasonable." *Id*. "[A]n unreasonable application is different from an incorrect one." *Id*. In other words, Federal habeas relief cannot be granted simply because a reviewing court concludes based on its own independent judgment that the state court decision is erroneous or incorrect. *Id*. Habeas relief is only available under Section 2254(d)(l) "where there is no

possibility fair minded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. at 102. In addition, "review under§ 2254(d)(l) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

To be objectively reasonable, a state court's decision need not specifically cite or rely on Supreme Court precedent. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court's decision will not be "contrary to clearly established Federal law." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Where, as here, there is no reasoned decision from the California Supreme Court, this Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 805-806 (1991).

## II. *Petitioner's Sentencing Error Claim*.

Petitioner contends that "as a matter of existing California law," the prosecution presented evidence that was inadequate for the trial court to conclude that his two prior assault convictions qualify as prior strikes and serious felonies. [Doc. No. 29, at p. 14.] Petitioner also contends that the trial court's determination on these two prior assault convictions involved "judicial fact-finding beyond the elements of the actual prior conviction[s]" that is inconsistent with the Supreme Court's decision in *Descamps v. United States*, 570 U.S. at 254. [Doc. No. 29, at pp. 14-27.]

Respondent argues that the Petition should be "summarily rejected," because it only involves a matter of state sentencing law and does not raise a cognizable claim on Federal habeas review. [Doc. No. 35-1, at p. 6.] Respondent also argues that the trial court relied on sufficient evidence to conclude that petitioner incurred the prior strikes and serious felonies and did not engage in any improper "fact-finding" that violates or is inconsistent with *Descamps*, 570 U.S. at 254, or the Sixth Amendment right to a jury trial. [Doc. No. 35-1, at pp. 5-8.]

The record shows that the trial court advised petitioner he had a right to have the jury decide the allegations regarding his prior convictions, and petitioner responded that he intended to "give up" that right and to have a bench trial on the priors. [Doc. No. 12-6, at p. 134-135; Doc. No. 29, at p. 19.] At the bench trial on the priors, the prosecution presented identification evidence in the form of fingerprints, as well as court records, to support the allegations that petitioner's prior assault convictions qualify as strikes and serious felonies. [Doc. No. 12-6, at pp. 149-168; Doc. No. 12-11, at pp. 13-25.] Based on this evidence, the trial court concluded that petitioner had indeed incurred the prior strike convictions and two serious felony convictions. [Doc. No. 12-6, at p.157; Doc. No. 12-11, at p. 13.]

On direct appeal, petitioner challenged the sufficiency of the evidence to support the prior strikes and serious felony convictions from Case Nos. TA040857 and TA05809. [Doc. No. 12-11, at p. 13.] The California Court of Appeal reviewed the evidence presented to the trial court by the prosecution and concluded the trial court's findings on these prior convictions were supported by substantial evidence. [Doc. No. 12-11, at pp. 13-25.] In a footnote, the California Court of Appeal also concluded petitioner forfeited an argument made for the first time in his reply brief – that the trial court's use of "comments at the sentencing hearing in Case No. TA065809" to establish the "serious felony" nature of the prior conviction violated his rights under the Sixth Amendment based on *Descamps v. U.S.*, 570 U.S. at 254. [Doc. No. 12-11, at p. 22.]

To the extent petitioner contends he was sentenced in violation of "existing California law," his claim is not cognizable on Federal habeas review. As noted above, Federal Courts may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2254 (emphasis added). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."

*Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994). In this regard, petitioner has failed to state a claim for which Federal habeas relief could be granted.

Additionally, based on a review of the record, it is this Court's view that the California Court of Appeal reasonably rejected petitioner's sentencing error claim to the extent it is based on Federal law as set forth by the Supreme Court in *Descamps*, 570 U.S at 254. First, *Descamps*, for the most part, does not apply in this case, because it involves a matter of statutory construction that arises when a Federal defendant who has incurred prior convictions is sentenced in Federal Court under a Federal law known as the Armed Career Criminal Act (ACCA). *Id.* at 257-258.

Similar to California'a Three Strikes Law, the ACCA "increases the sentence of a defendant who has three 'previous convictions' for a violent felony. . . ." *Id.* at 267. Under the ACCA, for example, a prior conviction for burglary can be used to increase a sentence if "the elements of the statute forming the basis of the defendant's [prior] conviction . . . are the same as, or narrower than "the elements of the 'generic' crime" of burglary as it is commonly understood. *Id.* at 257. Sometimes this determination is complicated by a "divisible statute" that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or *an automobile.*" *Id.* at 257 (emphasis in original). Under these circumstances, "[a] later sentencing court cannot tell, without reviewing something more, if the defendant's conviction was for the generic (building) or non-generic (automobile) form of burglary." *Id.* at 262. Therefore, to determine whether a defendant has a qualifying prior conviction, Federal sentencing courts apply what the Supreme Court calls the "modified categorical approach," which allows a sentencing court "to consult a limited class of documents, to determine which alternative formed the basis of the defendant's [prior] conviction."[1] *Id.*

---

[1] This "limited class of documents" includes but is not limited to charging documents, indictments, jury instructions, jury verdicts, plea agreements, and transcripts of change of plea hearings. *Descamps*, 570 U.S. at 257, 262.

Based on these additional documents, "[t]he court can then do what the categorical approach demands: compare the elements of the crime of conviction . . . with the elements of the generic crime," so that the sentencing court can "determine which statutory phrase was the basis for the conviction." *Id.* at 257, 263. Then, if the prior conviction is based on burglary of a building, the defendant's sentence can be enhanced under the ACCA. *Id.*

The defendant in *Descamps* had a prior conviction for burglary based on a guilty plea to California Penal Code Section 459, which, in contrast to the "generic" form of burglary recognized under the ACCA, did not require proof on the elements of "breaking and entering." *Id.* at 260. To determine whether the defendant's prior burglary conviction qualified as a "violent felony" under the ACCA, the trial court reviewed the transcript of the plea hearing to find out whether the defendant "admitted the elements of a generic burglary." *Id.* On the record during the plea hearing, the prosecutor stated on the record that the crime involved "breaking and entering" into a store, and the defendant did not object to the statement, so it was not clear whether he was pleading guilty to the "generic (building) or non-generic (automobile) form of burglary." *Id.* Based on the prosecutor's statement and the defendant's failure to object, the sentencing court concluded the burglary qualified as a "violent felony" under the ACCA despite the difference in the elements of burglary under Section 459 and "generic" burglary under the ACCA. *Id.* The Supreme Court disagreed, concluding that a conviction for burglary under California's Section 459 "is never for generic burglary" under the ACCA, because it does not require proof of the elements of breaking and entering, so the defendant's sentence should not have been enhanced under the ACCA. *Id.* at 277-278. According to the Supreme Court, it was error to "look behind" the defendant's underlying conviction using a "facts-based inquiry" to find evidence that he committed the generic offense of burglary. *Id.* at 278.

Although *Descamps* mainly involves statutory interpretation of the ACCA, the Supreme Court did acknowledge in a single paragraph the "Sixth Amendment

underpinnings" of its "categorical approach." *Id.* at 269. In this regard, the Supreme Court cited its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held as follows: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* Because the ACCA "indisputably increases the maximum penalty," the Supreme Court indicated that the "facts-based inquiry" taken in *Descamps* "would (at the least) raise serious Sixth Amendment concerns if it went beyond merely identifying a prior conviction." *Id.* In other words, these concerns "counsel against allowing a sentencing court to 'make a disputed' determination 'about what the defendant and state judge must have understood as the factual basis of the prior plea,' or what the jury in a prior trial must have accepted as the theory of the crime." *Id.*

Here, based on a review of the transcript of the hearing on petitioner's prior convictions, as well as the analysis included in the California Court of Appeal's opinion, there is nothing to indicate the trial court's findings on the challenged prior strikes and serious felonies is contrary to the Supreme Court's decision in *Descamps*, 570 U.S. at 254. The trial court did not engage in a "facts-based inquiry" to determine whether petitioner's prior convictions were indeed assaults with a deadly weapon, which qualify as strikes and serious felonies, rather than assaults committed "by means likely to produce great bodily injury," which do not. *Id.* at 269. Rather, the trial court relied on certified transcripts and other court records which clearly show petitioner incurred the challenged prior serious felonies and strikes.[2] [Doc. No. 12-6, at pp. 159-168; Doc. No. 12-11, at pp. 13-25.]

---

[2]   In fact, the trial court even acknowledged on the record that it could not consider evidence on disputed facts to make its finding. In this regard, the trial court stated as follows during the trial on the priors: "[B]ut the inquiry on these prior situations is you're only limited to the court records. You couldn't call a witness in to say, no, it didn't happen that way, it happened this way. The case law is pretty clear on that." [Doc. No. 12-6, at p. 16.]

In Case No. TA040857, court records, including "the plea records" and "a sentencing transcript," indicated petitioner "pled to an Information, not a Complaint," and had been charged with "the crime of assault, great bodily injury, *and with a deadly weapon*, in violation of 245(a)(1) . . . , namely, a baseball bat." [Doc. No. 12-6, at pp. 159, 161-165 (emphasis added).] The transcript of the plea hearing indicates petitioner entered a "no contest plea" to Count 1 of the Information – "an assault with a deadly weapon, a violation of 245(a)." [Doc. No. 12-6, at p. 165.]

In Case No. TA065809, which "went to trial," the prosecutor presented the complaint, verdict, court minutes, an abstract of judgment, and a sentencing transcript indicating it was undisputed that petitioner committed an assault with a deadly weapon "using a tire iron." [Doc. No. 12-6, at pp. 160-161, 166-167; Doc. No. 12-11, at p. 19.] The complaint alleged that petitioner assaulted the victim "with a deadly weapon, to wit, a tire iron," a serious felony, and the jury found petitioner guilty of "assault with deadly weapon or by means likely to produce great bodily injury" upon the victim. During the sentencing hearing, defense counsel stated in colloquy that "the jury's verdict was such that they found that a tire iron was used." [Doc. No. 12-11, at p. 19-20.] In addition, the abstract of judgment stated that petitioner was convicted of "ASLT DEADLY WEAPN/INST." [Doc. No. 12-11, at p. 21.]

For the reasons outlined above, IT IS RECOMMENDED that the District Court DENY petitioner's claim that the trial court relied on insufficient evidence in reaching its conclusion that petitioner had two prior convictions for assault with a deadly weapon that qualify as strikes and serious felonies under California law. To the extent petitioner contends that the trial court's determination of the two prior assault convictions violates California law, his claim is not cognizable on Federal habeas review, because "a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v Rhode*, 41 F.3d at 469. In addition, to the extent petitioner's claim is based on the Supreme Court's decision in *Descamps*, 470 U.S. at 254, there is nothing to indicate the Court of Appeal's rejection of this claim is based on an unreasonable

determination of the facts or is contrary to or an unreasonable application of clearly established Supreme Court law under Section 2254(d) of AEDPA.

## *Conclusion*

Based on the foregoing, IT IS RECOMMENDED that the District Court DENY petitioner's sentencing error claim and DISMISS the Amended Petition. [Doc. No. 29.] Petitioner's allegations of sentencing error fail to state a claim, lack merit, and were reasonably rejected by the California Court of Appeal.

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED that no later than **May 25, 2022** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objection shall be filed and served no later than **June 8, 2022**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 26, 2022

Hon. Karen S. Crawford
United States Magistrate Judge